UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | |
|---|---|
| In Re:<br>JOHN T. MCMAHAN,<br><br>Debtor(s)<br>THOMAS E. SPRINGER, solely in his capacity as the chapter 7 trustee of the Debtor,<br><br>Plaintiff(s)<br>TRINITY GREEN, LLC; TRINITY GREEN, LLC – 1240 N. DAMEN,<br><br>Defendant(s) | BK No.: 18-14064<br><br>Chapter: 7<br><br>Honorable Janet S. Baer<br><br>Adv. No.: 20-00165 |

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

This adversary proceeding came before the Court for hearings held on October 13, 2021, December 15, 2021, and February 2, 2022 on the Motion for Summary Judgment [Dkt. No. 58] (the "Motion") filed by Plaintiff Thomas E. Springer, not individually, but as chapter 7 trustee for the bankruptcy estate of John T. McMahan (the "Trustee"). The Court has considered the Motion, briefing, evidence, and arguments in support of the Motion and notes that Trinity Green, LLC and Trinity Green, LLC – 1240 N. Damen (the "Defendants") failed to appear at the hearing and did not file or otherwise respond to the Motion. The Court has subject matter jurisdiction to consider and to determine the Motion pursuant to 28 U.S.C. § 1334(b) and finds that this adversary proceeding is a core proceeding within the meaning of 28 U.S.C. § 157(b), with venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409. After consideration of the foregoing and the hearings on the Motion, and for the reasons stated in open court and on the record, the Court finds that good cause exists to grant the Motion. Accordingly, it is hereby

ORDERED and ADJUDGED THAT:

1. The Motion is GRANTED as set forth herein.

2. Construing the facts in the Defendants' favor, the Court finds that the Plaintiff has satisfied all elements of his fraudulent transfer and constructive fraudulent transfer claims under 11 U.S.C. § 544(b) and 740 ILCS 160/5-8 and his recovery of avoided transfer claim under 11 U.S.C. § 550. The Defendants produced no facts or evidence showing any dispute on any element of the Plaintiff's Complaint [Dkt. No. 1].

3. The transfer of the property located at the address commonly referred to as 1240 N. Damen, Unit 1 in Chicago, Illinois (the "Damen Property") made on April 3, 2014 by John T. McMahan (the "Debtor") and Lynn McMahan to Trinity Green, LLC – 1240 N. Damen (including any subsequent or related transactions, the "Damen Transfer") is avoided pursuant to 11 U.S.C. § 544(b) and 740 ILCS 160/5-8.

4. The facts undisputedly demonstrate that the Defendants received the Damen Property from the Debtor for less than reasonably equivalent value at a time when the Debtor was insolvent.

5. The Plaintiff is entitled to judgment as a matter of law on all counts of its Complaint [Dkt. No. 1].

6. The Damen Transfer is avoided and preserved for the benefit of the bankruptcy estate of the Debtor (the "Estate") in the above-captioned bankruptcy case.

7. All interest in the Damen Property will return to the Estate for further administration, and title to the Damen Property shall hereinafter automatically vest in the Estate, regardless of any transaction or court order to the contrary.

8. The Trustee is authorized to take any steps necessary, pursuant to 11 U.S.C. § 550, to recover said interest, or the value thereof, for the benefit of the Estate.

9. The Trustee is authorized to sell the Damen Property for the benefit of the Estate. All parties wherever located shall comply with the Trustee in this process including state and local governments and their administrative arms.

10. The Trustee is entitled to recover from the Defendants the full fair market value of the Damen Property, in an amount not less than $591,195.00, which is the uncontested value set forth in the Motion, regardless of the ultimate sale price or other disposition of such property. See Decl. of Diane Freeman (Mot. at Ex. 5).

11. The Trustee is further entitled to recover from the Defendants all costs, fees, and post-judgment interest incurred by the Estate for its administration of the Damen Property.

12. A separate final judgment consistent with this order shall be entered simultaneously.

13. This order and the related Final Judgment may be recorded in the official records of the applicable county, state, or similar administrative or governmental agency to evidence the avoidance and preservation of the transfer with respect to the real property herein referred to as the Damen Property and more particularly described as follows:

PARCEL 1: UNIT 1240-1 TOGETHER WITH ITS UNDIVIDED PERCENTAGE INTEREST IN THE COMMON ELEMENTS IN 1240 NORTH DAMEN CONDOMINIUM AS DELINEATED AND DEFINED IN THE DECLARATION RECORDED AS DOCUMENT NO. 02104430, IN THE NORTHWEST ¼ OF SECTION 6, TOWNSHIP 39 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

PARCEL 2: EXCLUSIVE USE FOR PARKING PURPOSES IN AND TO PARKING SPACE NO. G-L, A LIMITED COMMON ELEMENT, AS SET FORTH AND DEFINED IN SAID DECLARATION OF CONDOMINIUM AND SURVEY ATTACHED THERETO, IN COOK COUNTY, ILLINOIS.

14. The Court shall retain exclusive jurisdiction to hear and determine any disputes arising from or relating to the interpretation, implementation, and enforcement of the terms and provisions of this

order.

      15. The entry of this order and its related Final Judgment conclude the above-referenced adversary proceeding.

Enter: *[signature: Janet S. Baer]*

                                                           Honorable Janet S. Baer

Dated: February 7, 2022                               United States Bankruptcy Judge

**Prepared by:**
HORWOOD MARCUS & BERK CHARTERED
Aaron L. Hammer, Esq.
Nathan E. Delman, Esq.
Elysa J. Chew, Esq.
500 W. Madison Street, Suite 3700
Chicago, IL 60661
Phone: (312) 606-3200
ahammer@hmblaw.com
ndelman@hmblaw.com
echew@hmblaw.com