UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | |
|---|---|
| In Re:<br>JOHN T. MCMAHAN,<br><br>Debtor(s)<br>THOMAS E. SPRINGER, solely in his capacity as the chapter 7 trustee of the Debtor,<br><br>Plaintiff(s)<br>TRINITY GREEN, LLC; TRINITY GREEN, LLC – 1240 N. DAMEN,<br><br>Defendant(s) | BK No.: 18-14064<br><br>Chapter: 7<br><br>Honorable Janet S. Baer<br><br>Adv. No.: 20-00165 |

**FINAL JUDGMENT**

This adversary proceeding came before the Court for hearings held on October 13, 2021, December 15, 2021, and February 2, 2022 on the Motion for Summary Judgment [Dkt. No. 58] (the "Motion") filed by Plaintiff Thomas E. Springer, not individually, but as chapter 7 trustee for the bankruptcy estate of John T. McMahan (the "Trustee"). For the reasons set forth in the Order Granting Plaintiff's Motion for Summary Judgment (the "Order"), which is being entered contemporaneously herewith, it is hereby

ORDERED and ADJUDGED THAT:

1. Judgment is entered in favor of Thomas E. Springer, solely in his capacity as the chapter 7 trustee of the bankruptcy estate of John T. McMahan (the "Trustee" or the "Plaintiff"), and against Trinity Green, LLC and Trinity Green, LLC – 1240 N. Damen (the "Defendants"), on Counts I, II, and III of the Complaint [Dkt. No. 1].

2. The Trustee has satisfied all elements of a fraudulent transfer claim under 11 U.S.C. § 544(b) and 740 ILCS 160/5-8.

3. The Trustee has satisfied all elements of a constructive fraudulent transfer claim under 11 U.S.C. § 544(b) and 740 ILCS 160/5-8.

4. The Trustee has satisfied all elements of his recovery of avoided transfer claim under 11 U.S.C. § 550.

5. The transfer of the property located at the address commonly referred to as 1240 N. Damen, Unit No. 1 in Chicago, Illinois (the "Damen Property") made on April 3, 2014, from John T. McMahan (the "Debtor") and Lynn McMahan to Trinity Green, LLC – 1240 N. Damen (including any subsequent or related transactions, the "Damen Transfer") is avoided pursuant to 11 U.S.C. § 544(b) and 740 ILCS 160/5-8.

6. The Damen Transfer is avoided and preserved for the benefit of the bankruptcy estate of the Debtor (the "Estate") in the above-captioned bankruptcy case.

7. All interest in the Damen Property will return to the estate for further administration and title to the Damen Property shall hereinafter automatically vest in the Estate, regardless of any transaction or court order to the contrary.

8. The Trustee is authorized to take any steps necessary, pursuant to 11 U.S.C. § 550, to recover said interest, or the value thereof, for the benefit of the Estate.

9. The Trustee is authorized to sell the Damen Property for the benefit of the Estate.

10. A monetary judgment is entered in favor of the Trustee and against the Defendants for the full fair market value of the Damen Property, an amount not less than $591,195.00, which is the uncontested value set forth in the Motion, regardless of the ultimate sale price or other disposition of such property. See Decl. of Diane Freeman (Mot. at Ex. 5). This judgment further awards the Trustee recovery from the Defendants of all costs, fees, and post-judgment interest incurred by the Estate for its administration of the Damen Property.

11. This Final Judgment and the related Order may be recorded in the official records of the applicable county, state, or similar administrative or governmental agency to evidence the avoidance and preservation of the transfer with respect to the real property herein referred to as the Damen Property and more particularly described as follows:

PARCEL 1: UNIT 1240-1 TOGETHER WITH ITS UNDIVIDED PERCENTAGE INTEREST IN THE COMMON ELEMENTS IN 1240 NORTH DAMEN CONDOMINIUM AS DELINEATED AND DEFINED IN THE DECLARATION RECORDED AS DOCUMENT NO. 02104430, IN THE NORTHWEST ¼ OF SECTION 6, TOWNSHIP 39 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

PARCEL 2: EXCLUSIVE USE FOR PARKING PURPOSES IN AND TO PARKING SPACE NO. G-L, A LIMITED COMMON ELEMENT, AS SET FORTH AND DEFINED IN SAID DECLARATION OF CONDOMINIUM AND SURVEY ATTACHED THERETO, IN COOK COUNTY, ILLINOIS.

12. The Court shall retain exclusive jurisdiction to hear and determine any disputes arising from or relating to the interpretation, implementation, and enforcement of the terms and provisions of this Final Judgment.

13. The entry of this Final Judgment and its related Order conclude the above-referenced adversary proceeding.

Enter: *Janet S. Baer*

Honorable Janet S. Baer
United States Bankruptcy Judge

Dated: February 7, 2022

**Prepared by:**

HORWOOD MARCUS & BERK CHARTERED

Aaron L. Hammer, Esq.

Nathan E. Delman, Esq.

Elysa J. Chew, Esq.

500 W. Madison Street, Suite 3700

Chicago, IL 60661

Phone: (312) 606-3200

ahammer@hmblaw.com

ndelman@hmblaw.com

echew@hmblaw.com